JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

E-FILED
Friday, 04 August, 2017  02:32:25 PM
Clerk, U.S. District Court, ILCD

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James Willoby

**(b)** County of Residence of First Listed Plaintiff   Tazewell County, Illinois
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hasselberg, Rock, Bell & Kuppler LLP,
Ste. 200 Associated Bank Bldg.
4600 N. Brandywine Dr., Peoria, IL 61614   309-688-9400

## DEFENDANTS
Mason City, Illinois, Bruce Lowe, Scott Francis, Mike Kirby, John Dodson, and Jim Miller

County of Residence of First Listed Defendant   Mason County, Illinois
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983 et seq
Brief description of cause:
Termination in violation of constitutional protection of freedom of speech and retaliatory discharge

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE
DOCKET NUMBER   17-cv-1355

DATE
08/04/2017

SIGNATURE OF ATTORNEY OF RECORD
Julie L. Galassi

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse  (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES WILLOBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-1355 |
| vs. | ) | |
| | ) | **Jury Trial Demanded** |
| MASON CITY, ILLINOIS, BRUCE LOWE, | ) | |
| SCOTT FRANCIS, MIKE KIRBY, JOHN | ) | |
| DODSON and JIM MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, JAMES WILLOBY, by and through his attorneys, JULIE L. GALASSI, DUSTIN R. JENSEN, and HASSELBERG, ROCK, BELL & KUPPLER, LLP, states the following for his COMPLAINT against Defendants, MASON CITY, ILLINOIS, BRUCE LOWE, SCOTT FRANCIS, MIKE KIRBY, JOHN DODSON and JIM MILLER:

### Nature of the Action

1.     Defendant, Bruce Lowe ("Lowe") serves as mayor of Defendant, Mason City, Illinois ("Mason City").

2.     Defendants, Scott Francis ("Francis"), Mike Kirby ("Kirby"), John Dodson ("Dodson") and Jim Miller ("Miller"), serve as aldermen on the city council of Mason City.

3.     Defendants terminated Plaintiff, James Willoby ("Willoby"), because he enforced state laws prohibiting driving under the influence of alcohol ("DUI") and/or because of statements he made regarding policing, DUI enforcement and public education regarding those matters.

4.     Defendants termination of Willoby violated 42 U.S.C. 1983, because, while acting under the color of law, Defendants retaliated against Willoby for exercising his right of free speech secured under the First Amendment of the United States Constitution.

5.     Defendants' termination of Willoby also violated Illinois common law by terminating Willoby, in violation of Illinois public policy, because he enforced DUI laws and/or his enforcement of DUI laws exceeded enforcement of DUI laws by fellow police officers.

## Parties

6.     Willoby resides in Tazewell County, Illinois.

7.     Mason City is located in Mason County, Illinois.

8.     Lowe, Francis, Kirby, Dodson, and Miller reside in Mason County, Illinois. Willoby sues Lowe, Francis, Kirby, Dodson, and Miller in their individual and official capcities.

## Jurisdiction and Venue

9.     This Court has subject matter jurisdiction over Count I of this matter pursuant to 28 U.S.C. 1331, because this matter is a civil action arising under the Constitution and laws of the United States.

10.     This Court has subject matter jurisdiction over Count II of this matter pursuant to 28 U.S.C. 1367, because it is part of the same case or controversy raised in Count I.

2

11.    The Central District of Illinois, Springfield Division, is the proper venue for this matter pursuant to 28 U.S.C. 1391(b)(1) and (2), because the Defendants reside in Mason County, Illinois and a substantial part of the events giving rise to Willoby's claims occurred in the Springfield Division of the Central District of Illinois.

## Willoby's Employment

12.    On December 1, 2016, Mason City hired Willoby as a part time police officer.

13.    On December 19, 2016, Mason City promoted Willoby to a full-time position as a Mason City police officer.

14.    At all relevant times, Willoby was also employed as a police officer for Mason County, Illinois on a part-time basis.

15.    Willoby's employment duties included maintaining the public order and making arrests for offenses.

16.    During his employment, Willoby made eight DUI arrests over a six month period of time. During the five year period from 2012-2016, all other Mason City police officers made eleven DUI arrests.

17.    After Willoby began making DUI arrests, some Mason City bar owners and patrons began to complain of Willoby's enforcement of state law via social media.

18.    After Willoby began making DUI arrests, the Mason City police dispatcher began receiving calls regarding Willoby's work schedule.

### April 20, 2017

19.     On April 20, 2017, Willoby responded to a call at a Mason City bar.

20.     When Willoby entered the bar, the bar owner and patrons shouted profanities at him.

21.     Willoby began questioning a suspect who refused to give his name.

22.     The bar owner and patrons encouraged the suspect not to cooperate.

23.     At some point, the suspect ran out of the bar.

24.     The bar owner initially refused to cooperate with Willoby's request that he provide the suspect's name.

25.     The bar owner cooperated only after Willoby informed the bar owner that his liquor license required that he cooperate in the matter.

26.     Upon information and belief, city officials received complaints about Willoby's presence in the bar.

### April 25, 2017

27.     On April 25, 2017, Willoby stopped at the Mason County ambulance station.

28.     Mason City police officers regularly visited the Mason County ambulance station.

29.     The Mason County ambulance station is located across the street from a Mason City bar.

30.     The owner of the bar across the street walked up the driveway and began taking pictures of Willoby's squad car.

31.     The man informed Willoby that the reasons for his picture taking was none of Willoby's business.

32.     After taking pictures of Willoby's squad car, the bar owner walked over to Willoby, pointed his finger in his face and said "I saw your car here but didn't hear a call on the scanner, so I didn't know why you were here, so I'm checking your welfare to make sure you're not dead, bud."

33.     The bar owner then walked across the street and entered his bar, turning and yelling an expletive at Willoby as he entered the bar.

## Willoby's First Exercise of Free Speech

34.     On the night of April 25, 2017, the Mason City Council had a meeting.

35.     After the meeting, Willoby spoke with Alderman Francis and Mayor Pete Bowers.

36.     During the conversation, Alderman Francis informed Willoby that he knew about the picture incident from earlier that day, because he had received text complaints about Willoby being parked across from the bar.

37.     Willoby responded by making the following statements:

    a.  the city council needed to publicly support police officer's enforcement of the law;

    b.   the city council needed to stop entertaining inaccurate, negative rhetoric from the bar owners and their patrons;

    c.  citizens could avoid arrests for DUI by not driving while under the influence of alcohol;

d.  the city needed to take action to educate the public to stop the harassment of police officers; and

e.  that the police cannot pick and choose which laws to enforce.

38.    Alderman Francis and Mayor Bowers concluded the conversation by informing Willoby that he was doing a good job.

39.    Willoby's job duties did not require that he have the above-described conversation with Alderman Francis and Mayor Bowers.

40.    None of Willoby's supervisors required that he have the above-described conversation with Alderman Francis and Mayor Bowers.

41.    Three days later, Assistant Police Chief Billy Williams and Mayor Bowers informed Willoby that his DUI enforcement was causing decreased city revenue due to decreased liquor sales, that his job may be in jeopardy despite his adequate performance, and that he may be too good of an officer for Mason City.

## Willoby's Second Exercise of Free Speech

42.    On June 12, 2017, Willoby had a conversation with newly-elected Mayor Lowe.

43.    Willoby informed Mayor Lowe that the city should better inform the public that the police enforce the laws in order to keep the community safe.

44.    Mayor Lowe responded that the city needed to appease the bar owners, because the city received a lot of revenue from them.

45.    Willoby responded that the police have an oath to uphold, requiring the enforcement of DUI laws.

46.     Willoby's job duties did not require that he have the above-described conversation with Mayor Lowe.

47.     None of Willoby's supervisors required that he have the above-described conversation with Mayor Lowe.

### Willoby's Termination

48.     On June 19, 2017, Mayor Lowe and Alderman Francis informed Willoby that the city council voted to terminate his employment for budgetary reasons.

49.     Shortly after June 19, 2017, Willoby's part-time employment as a Mason County police officer was terminated.

50.     Willoby was told his termination from Mason County was linked to his termination from Mason City.

51.     For seventeen years, Mason City's police force consisted of 5 full time officers and several part-time officers.

52.     Willoby's termination resulted in Mason City employing only 4 full time police officers.

### COUNT I
### 42 U.S.C. 1983
### VIOLATION OF WILLOBY'S FIRST AMENDMENT RIGHT TO FREE SPEECH BY ALL DEFENDANTS

53.     Willoby realleges and incorporates paragraphs 1-52 into this Count.

54.     Willoby's discussions with Defendants about policing, DUI enforcement and public education constitute speech protected by the First Amendment to the U.S. Constitution.

7

55.     At all times, the aforementioned speech was the speech of a private citizen on a matter of public concern.

56.     Willoby's free speech right to discuss policing, DUI enforcement and public education regarding the same outweighed any interest of the Defendants in suppressing that speech.

57.     Defendants violated Willoby's right to free speech by terminating his employment because of his discussions about policing, DUI enforcement and public education regarding those matters.

58.     Defendants acted intentionally and with callous disregard for Willoby's clearly established constitutional rights.

59.     As a direct and proximate result of the Defendants' violations of Willoby's constitutional rights, Willoby has suffered severe and substantial damages. These damages include lost wages, lost employee benefits, lost raises, diminished earnings potential, lost career opportunities, litigation expenses including attorney's fees, loss of reputation, embarrassment, inconvenience, and emotional anguish and distress and other compensatory damages, in an amount to be determined by and jury and the Court.

WHEREFORE Plaintiff, James Willoby, respectfully requests that this honorable Court enter judgment in his favor and against Defendants, and grant the following relief:

A.  Compensatory damages to be determined at trial;

B. Declaratory relief regarding the unlawful and unconstitutional acts of Defendants;

C. Equitable relief against all Defendants as allowed by 42 U.S.C. §1983, including the enjoining and permanent restraining of these violation, and direction to Defendants to take such affirmative action as is necessary to ensure that the effects of the unconstitutional and unlawful employment practices are eliminated and do not continue to affect the employment opportunities of Plaintiff or others;

D. An award of punitive damages against the individual defendants;

E. Reinstatement to his former full time position or an award of front pay;

F. Reasonable attorney's fees and costs expended pursuant to 42 U.S. C. §1988; and

G. Such other and further relief to which Plaintiff may show himself entitled.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF ILLINOIS LAW
## BY DEFENDANT, MASON CITY

60.     Willoby realleges and incorporates paragraphs 1-52 into this Count.

61.     Mason City discharged Willoby in retaliation for his activities in enforcing the DUI laws of the State of Illinois and/or because he made more DUI arrests than other police officers employed by Mason City.

62.     Willoby's discharge violates a clear mandate of public policy to investigate and arrest persons committing criminal acts.

63.     As a direct and proximate result of the Mason City's unlawful termination of Willoby's employment, Willoby has suffered severe and substantial

9

damages. These damages include lost wages, lost employee benefits, lost raises, diminished earnings potential, lost career opportunities, loss of reputation, embarrassment, inconvenience, and emotional anguish and distress and other compensatory damages, in an amount to be determined by and jury and the Court.

WHEREFORE Plaintiff, James Willoby, respectfully requests that this honorable Court enter judgment in his favor and against Defendant, Mason City, Illinois, and grant the following relief:

A.  Compensatory damages to be determined at trial;

B.  Costs and interest; and

C.  Such other and further relief to which Plaintiff may show himself entitled.

JAMES WILLOBY,
 Plaintiff,

By:    /s/ Julie L. Galassi
     JULIE L. GALASSI
     DUSTIN R. JENSEN
     HASSELBERG, ROCK, BELL & KUPPLER, LLP
     Suite 200 Associated Bank Building
     4600 North Brandywine Drive
     Peoria, Illinois 61614-5591
     Telephone:  (309) 688-9400
     Facsimile:  (309) 688-9430
     Email:      jgalassi@hrbklaw.com
                 djensen@hrbklaw.com
                 dwarner@hrbklaw.com